JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 15 1981

7/15/81

PATRICIA HOWARD
CLERK OF THE PANEL

DOCKET NO. 468

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE TERMINATION OF SPEED QUEEN DISTRIBUTORSHIPS LITIGATION

TRANSFER ORDER

This litigation consists of four actions, one each pending in the Southern District of Indiana, the District of Kansas, the Western District of Texas and the Southern District of Ohio. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendants Speed Queen Company, Inc. (Speed Queen), Raytheon Company, Inc. (Raytheon) and Amana Refrigeration, Inc., to centralize actions in this litigation in the Southern District of Indiana for coordinated or consolidated pretrial proceedings.[1] All plaintiffs oppose transfer. In the event that the Panel orders centralization in this docket, however, plaintiffs in three of the four actions favor selection of the District of Kansas as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of the actions under Section 1407 in the District of Kansas will best serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

In each action in this litigation, the plaintiff alleges that it was wrongfully terminated as a Speed Queen distributor. Each complaint alleges that the corporate acquisition of Speed Queen by Raytheon was to some degree a causative factor in the termination of that plaintiff as a Speed Queen distributor. Consequently, all four actions necessarily raise common questions of fact concerning the course of conduct pursued by defendants in terminating numerous distributorships in the wake of Speed Queen's acquisition by Raytheon. Transfer under Section 1407 is therefore necessary in order to avoid duplication of discovery.

---

[1] One additional action, United Distributors, Inc. v. Raytheon Co., Inc., et al., E.D. Louisiana, C.A. No. 81-260-K(2), was included in the motion for transfer in this litigation. This action was remanded to Louisiana state court by order of the Honorable George Arceneaux, Jr., entered on June 16, 1981. The question of transfer of this action pursuant to Section 1407 is therefore moot.

Movants originally sought to centralize the actions in this litigation in the Eastern District of Louisiana. Because of the remand of the Louisiana action to Louisiana state court, movants now favor selection of the Southern District of Indiana as the transferee forum.

Opponents of transfer argue that, notwithstanding the allegations in the complaints relating to defendants' broad course of conduct, each complaint alleges a specific decision to terminate the distributorship of the plaintiff in that action. Each complaint thus focuses on a unique series of dealings and communications between the plaintiff in that action and the officers and agents of defendants, opponents contend. We recognize that, while the existence of common questions of fact in these actions justifies centralization under Section 1407, these actions likewise present numerous individual issues of fact, the resolution of which will not necessarily be expedited by participation of the parties in coordinated or consolidated pretrial proceedings. We also recognize that the Panel has customarily left the manner and extent of coordination or consolidation of pretrial proceedings to the discretion of the transferee judge. See, e.g., In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384-85 (J.P.M.L. 1974). In the special circumstances presented here, we simply suggest that the transferee judge focus the parties' discovery and other pretrial efforts primarily upon the areas of common factual inquiry so that, once these common pretrial proceedings are completed, these actions may promptly be remanded, pursuant to Rule 11, R.P.J.P.M.L., 89 F.R.D. 273, 280-82 (1981), to their respective transferor courts for pretrial processing of any remaining areas of individual factual inquiry.

Although no forum could be described as the nexus of this litigation, on balance we are persuaded that the District of Kansas is the appropriate transferee forum. The District of Kansas is centrally located for the parties presently involved in this litigation and it will be an ideally central forum if this litigation becomes truly national in scope.[2/]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Patrick F. Kelly for coordinated or consolidated pretrial proceedings with the action already pending there and listed on Schedule A.*

                                      FOR THE PANEL:

                                      *Andrew A. Caffrey*
                                      Andrew A. Caffrey
                                           Chairman

---

[2/] Movants have represented to the Panel that additional related actions are likely to be commenced in federal courts throughout the United States.

* Judge Roy W. Harper dissents from this decision of the Panel.

SCHEDULE A

### SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Capital Consolidated, Inc. v. Speed Queen Company | Civil Action No. IP801092C |

### DISTRICT OF KANSAS

| | |
|---|---|
| Hennigh's, Inc. v. Speed Queen Company, et al. | Civil Action No. 80-1982 |

### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Central Distributing Company v. Speed Queen Company, et al. | Civil Action No. SA80CA601 |

### SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| The Bimel-Walroth Company v. Speed Queen Company, et al. | Civil Action No. C-1-81-385 |